UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| COBY BARROW, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **COMPLAINT** |
| | ) | (Civil) |
| HP TRANSPORT, LLC, UNION PACIFIC RAILROAD COMPANY, | ) ) | |
| | ) | **Jury Trial Demanded** |
| Defendants, | ) | |

COMES NOW the Plaintiff, Coby Barrow, and for his claims and causes of action against the Defendants, HP Transport, LLC ("HP Transport") and Union Pacific Railroad Company, a Delaware corporation ("Union Pacific"), states and alleges as follows:

## PRELIMINARY STATEMENT

**1.** This is an action to recover damages for personal injuries Plaintiff Barrow suffered during the course and scope of his employment on March 26, 2024, while working as an engineer for Defendant Union Pacific. Plaintiff Barrow brings multiple negligence claims against Defendants HP Transport and Union Pacific Railroad stemming from an incident in which the negligence Defendant Union Pacific and Defendant HP Transport, including Defendant HP Transport's employee, caused a collision with Union Pacific's locomotive that Plaintiff Barrow was assigned to operate.

## PARTIES

**2.** At all times relevant herein, Plaintiff Barrow was a resident and citizen of City of Dalhart, County of Hartley, State of Texas and was an engineer engaged in interstate commerce.

**3.** At all relevant times material herein, Defendant Union Pacific was a corporation

#739974v1

duly organized and existing under the laws of the State of Delaware with its principal place of business in the City of Omaha, State of Nebraska; was duly licensed to operate a system of railroads, as a common carrier of freight for hire in and through the State of Nebraska; and was engaged as a common carrier in interstate commerce.

4. At all times material herein, Defendant HP Transport was a corporation duly organized and existing under the laws of the State of Kansas with its principal place of business located at 3103 Foxfire Drive, Dodge City, Kansas, and was an interstate motor carrier authorized for hire and hauling freight in and through the State of Nebraska. Defendant HP Transport may be served with process through its registered agent, DOTPROCESSAGENTS.COM LLC, 170217 County Road T, Gearing Nebraska 69341. Upon information and belief and at all relevant times herein, Defendant HP Transport was registered with the U.S. Department of Transportation under the D.O.T. number 2967160.

## JURISDICTION AND VENUE

5. This Court has original subject-matter jurisdiction over Plaintiff's FELA claims pursuant to 28 U.S.C. § 1331 (federal question) and supplemental jurisdiction of his remaining claims under 28 U.S.C. § 1367 because all claims are part of the same case and controversy.

6. This Court has personal jurisdiction over Defendant Union Pacific as its principal place of business is in the City of Omaha, State of Nebraska and it purposefully availed itself of the privilege of conducting significant activities in the State of Nebraska, creating sufficient contacts within the state to permit this Court to exercise jurisdiction.

7. This Court has personal jurisdiction over Defendant HP Transport as it purposefully availed itself of the privilege of conducting significant activities in the State of Nebraska thereby invoking the benefits and protections of the State of Nebraska and created sufficient contacts

within the state to permit this Court to exercise jurisdiction.

8. Venue of this lawsuit in this Court is proper pursuant to 45 U.S.C. § 56 which allows bringing FELA claims in the district of the residence of the defendant or in the district where the defendant is doing business at the time the action is commenced.

9. This action brought under the FELA is timely and commenced pursuant to 45 U.S.C. § 56 and Texas Civil Practice and Remedies Code § 16.003(a).

## BACKGROUND FACTS

10. On March 26, 2024, Plaintiff Barrow was employed as an engineer by Defendant Union Pacific and was working within the course and scope of his employment performing his assigned duties in furtherance of Union Pacific's business in interstate commerce.

11. At all times relevant, Plaintiff Barrow was operating Defendant Union Pacific's locomotive northeast and parallel to U.S. 54, approaching a crossing at FM 807 in the City of Conlen, County of Dallam, State of Texas ("subject crossing").

12. At all times relevant herein, Defendant Union Pacific adopted and implemented a railroad operating protocol and management performance program commonly referred to as "Precision Railroading."

13. At all times relevant herein, "Precision Railroading" emphasizes the movement of railcars and profits for shareholders and corporate officers over the safety of Defendant Union Pacific's employees and the general public.

14. While traveling northeast on Defendant Union Pacific's train approaching the subject crossing, suddenly and without warning, a commercial semi-tractor (VIN 1FUJGLDR3CLBE9703) and trailer (VIN 5WSAA4329AN041148) (hereinafter collectively referred to as "subject semi-truck and trailer") owned leased, and/or controlled by Defendant

Transport HP entered the subject crossing at the same time and place, causing a collision between the train and semi-tractor and trailer.

15. At all relevant times herein, upon information and belief, the subject crossing was not controlled by adequate warning systems, controls and/or crossing gates, or such systems, controls and/or gates were malfunctioning or not working properly and as intended.

16. At all relevant times herein, the subject semi-tractor and trailer was operated by Defendant HP Transport's employee and/or agent, Rene Almenares Durand ("Durand"), who was acting within the course and scope of his employment as a driver for HP Transport and in furtherance of the business interests and benefit of Defendant HP Transport at the time of the crash.

17. At all relevant times herein, Defendant HP Transport controlled the manner and method in which Durand operated freight transport trucks and trailers.

18. Upon information and belief, Defendant Union Pacific knew or should have known that the subject crossing was dangerous and prone to serious collisions due to other incidents involving the subject crossing.

19. When approaching the subject crossing, Durand was inattentive to driving conditions or otherwise distracted, failed to look and listen for an approaching locomotive, and failed to yield to the right of way.

20. As the principal and/or employer of Durand, Defendant HP Transport is responsible for the acts and/or omissions of Mr. Durand, who negligently and carelessly operated Defendant HP Transport's semi-truck and trailer while in the scope of the agency and/or employment relationship.

21. The negligence and carelessness of Defendant Union Pacific, Defendant HP Transport and Defendant HP Transport's employee/agent caused Plaintiff Barrow's train to collide

with the subject semi-truck and trailer, resulting in Plaintiff Barrow sustaining severe injuries and damages, including but not limited to: physical injuries, pain, and suffering; mental anguish and emotional distress; loss of enjoyment of life; medical expenses, both past and future; lost wages and loss of earning capacity; permanent injury and disability; and other damages to be proven at trial.

**COUNT I**
**NEGLIGENCE AND BREACH OF DUTY UNDER 45 U.S.C. §§ 51-60 (FELA)**
**(DEFENDANT UNION PACIFIC)**

Plaintiff Barrow re-alleges all allegations contained in Paragraphs 1 through 21 and incorporates the paragraphs by reference as though fully set forth and further states and alleges:

22. Plaintiff's claims against Defendants are brought under the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51-60.

23. At all times relevant herein, Defendant Union Pacific owed Plaintiff Barrow, its employee, a duty to exercise reasonable care to provide a reasonably safe place to work and reasonably safe instrumentalities and working conditions.

24. At all relevant times herein, Defendant Union Pacific breached its duties under FELA and was negligent in one or more of the following ways:

    (a) Failed to provide a reasonably safe place to work including a reasonably safe railroad crossing to traverse;

    (b) Negligently assigning Plaintiff to operate its train over a crossing that it knew or should have known was unsafe and dangerous;

    (c) Failed to adequately warn Plaintiff Barrow and other employees about the dangerous conditions at the subject crossing;

    (d) Failed to properly design, install, maintain, inspect, and repair warning systems, controls, gates, lights, or other devices at the subject crossing to alert drivers on the roadway that a train is approaching and prohibit traffic from entering the subject crossing when trains are approaching;

(e) Failed to act in a reasonable and careful manner in protecting the public and Plaintiff from the hazardous and dangerous crossing, thereby carelessly exposing Plaintiff and the public to unnecessary dangers despite Union Pacific's knowledge of the unnecessary dangers at the subject crossing;

(f) Failed to meaningfully evaluate the safety of the subject crossing and take proper action to prevent collisions when Union Pacific knew or should have known that the subject crossing was hazardous and unsafe;

(g) Failed to establish and implement reasonably safe procedures, policies and instructions that would have prevented the collision, including but not limited to those relating to the maintenance, inspection, and testing for crossing warning systems and other safety devices;

(h) Failed to instruct and require train crews to travel at a reduced speed when approaching the dangerous crossing in Defendant Union Pacific's trains;

(i) Failed to devise an adequate safety program which would have prevented the collision;

(j) Failed to follow other pertinent guidelines and standards, including but not limited to industry standards and those set forth by the Federal Highway Administration Failed to follow industry standards for railroad crossing safety;

(a) Failed to comply with applicable federal statutes, laws, and regulations governing railroad crossing safety, including but not limited to those set forth in 49 C.F.R. Parts 213 and 234;

(b) Failed to provide engines and railroad equipment sufficiently tested and properly designed to meet reasonable crashworthiness standards;

(c) Failed to exercise reasonable care under the circumstances; and

(d) Other acts of negligence to be shown through discovery.

25. Defendant Union Pacific's negligence and violations set forth *supra* were without legal excuse and were in violation of FELA.

26. The negligence of Defendant Union Pacific as set forth *supra* was a direct and proximate cause of the collision and of Plaintiff Barrow's severe injuries and damages.

27. As a direct and proximate result of Defendant Union Pacific's breach of duty and negligence under FELA, Plaintiff Barrow, without any contributory negligence, has suffered and

will continue to suffer severe injuries and damages, including but not limited to: physical injuries, pain, and suffering; mental anguish and emotional distress; loss of enjoyment of life; medical expenses, both past and future; lost wages and loss of earning capacity; permanent injury and disability; and other damages to be proven at trial.

### COUNT II – NEGLIGENCE/NEGLIGENCE PER SE – *RESPONDEAT SUPERIOR* (DEFENDANT HP TRANSPORT)

Plaintiff Barrow re-alleges all allegations contained in Paragraphs 1 through 27 and incorporates the paragraphs by reference as though fully set forth and further states and alleges:

28. At all times relevant, upon information and belief, Durand was an employee and/or agent of Defendant HP Transport, and Defendant HP Transport controlled or had the right to control the performance and duties of Durand as its agent/employee.

29. At all times relevant, the aforementioned negligent acts of Durand were committed within the scope of his agency and/or employment relationship with Defendant HP Transport and in furtherance of the business interests of Defendant HP Transport.

30. As the principal and/or employer of Durand, Defendant HP Transport is responsible for all acts and/or omissions committed by Durand while in the scope of their employment and/or agency relationship under on the doctrine of vicarious liability and the theory or *respondeat superior*.

31. Durand's negligence which is imputed to Defendant HP Transport, consisted of, but is not limited to, the following:

    (e) Failing to stop at a railroad crossing;

    (f) Failing to keep a proper lookout while operating the subject semi-truck and trailer;

    (g) Failing to operate the subject semi-truck and trailer in a reasonable and prudent manner;

(h) Failing to maintain proper attention while operating the subject semi-truck and trailer;

(i) Failing to yield to the right of way;

(j) Failing to obey traffic controls and signals;

(k) Failing to exercise reasonable and ordinary care under the circumstances;

(l) Violating federal laws and regulations including but not limited to 49 C.F.R. § 392.10 (failure to stop at a railroad crossings), 49 CFR § 392.11 (failure to take due caution at a railroad crossing to ensure the course is clear), 49 C.F.R. § 383.111 (failure to have required knowledge of vehicle operation); 49 C.F.R. § 383.113 (failure to have required skills in vehicle operation); 49 C.F.R. § 390.3 (knowledge and compliance with the regulations); 49 C.F.R. § 390.11 (requiring observance of regulations); and 49 C.F.R. 392.2 (operation in accordance with the law);

(m) Violating Texas state laws and statutes including but not limited to Texas Transportation Code § 545.151 (Vehicle Approaching or Entering Intersection), §545.251 (obedience to signal indicating approach of train), and §545.255 (Moving Heavy Equipment at Railroad Grade Crossing); and

(n) Other acts of negligence, violations of state or federal statutes, and/or industry standards that may be developed during discovery.

32. Durand's negligence and violations set forth *supra* were without legal excuse.

33. Durand was negligent *per se* based on the statutory and regulatory violations set forth, *supra*, which were designed to protect and safeguard the public, including Plaintiff Barrow.

34. As a direct and proximate result of Durand's negligent acts and/or omissions and breach of the duties imposed by statute, code, ordinance, or regulation committed within the agency and/or employment relationship, Plaintiff Barrow, without any contributory negligence, suffered serious injuries and damages, including but not limited to: physical injuries, pain, and suffering; mental anguish and emotional distress; loss of enjoyment of life; medical expenses, both past and future; lost wages and loss of earning capacity; permanent injury and disability; and other damages to be proven at trial.

## COUNT III – NEGLIGENCE/NEGLIGENCE *PER SE*
### (DEFENDANT HP TRANSPORT)

Plaintiff Barrow re-alleges all allegations contained in Paragraphs 1 through 34 and incorporates the paragraphs by reference as though fully set forth and further states and alleges:

35. At all times relevant and as set forth *supra*, Durand was acting under the direction of Defendant HP Transport within the scope of his agency and/or employment relationship with Defendant HP Transport, and Defendant HP Transport was responsible for the acts and/or omissions committed by Durand within the course and scope of the agency and/or employment relationship.

36. At all times relevant, Defendant HP Transport was a Motor Carrier for the load carried by its employee, Durand, as prescribed by the Federal Motor Carrier Safety Administration and subject to the Federal Motor Carriers' Safety Regulations, 49 C.F.R. parts 350-399.

37. At all times relevant, Defendant HP Transport was required to observe the statutes, laws, rules, and regulations as well as industry and driving standards violated by Durand as set forth in Paragraph 31, *supra*.

38. At all relevant times, Defendant HP Transport violated or encouraged Mr. Durant to violate the statutes, laws, rules, regulations and industry and driving standards, including but not limited to those violated by Durand as set forth in Paragraph 31, *supra*.

39. The laws, statutes, laws, rules, regulations and standards set forth in Paragraph 31, *supra*, were enacted to protect against the type of injuries and damages suffered by Plaintiff Barrow, and Plaintiff Barrow was a member of the group of persons the laws, statutes, and regulations were intended to protect.

40. The violations set forth in Paragraph 31, *supra*, establish Defendant HP Transport's negligence *per se* or negligence as a matter of law.

41. As a direct and proximate result of Defendant HP Transport's and Mr. Durand's negligent acts and/or omissions, Plaintiff Barrow suffered serious injuries and damages, including but not limited to: physical injuries, pain, and suffering; mental anguish and emotional distress; loss of enjoyment of life; medical expenses, both past and future; lost wages and loss of earning capacity; permanent injury and disability; and other damages to be proven at trial.

### COUNT IV – NEGLIGENT ENTRUSTMENT
### (DEFENDANT HP TRANSPORT)

Plaintiff Barrow re-alleges all allegations contained in Paragraphs 1 through 41 and incorporates the paragraphs by reference as though fully set forth and further states and alleges:

42. At all times relevant, Defendant HP Transport owed Plaintiff Barrow a duty to exercise reasonable care in entrusting the use and operation of the subject semi-truck and trailer owned and controlled by Defendant HP Transport to other persons.

43. At all times relevant, Defendant HP Transport knew, or in the exercise of ordinary care should have known, that Durand was incompetent to drive, use, and/or operate the subject semi-truck and trailer, and that such incompetence created an unreasonable safety risk and/or risk of harm to others, including Plaintiff Barrow.

44. As a direct and proximate result of Defendant HP Transport negligently entrusting Durand to drive, use, and/or operate the subject semi-truck and trailer, who then operated it in a negligent, careless and reckless manner as set forth in Paragraph 31, *supra*.

45. As a direct and proximate result of Defendant HP Transport's negligent entrustment, Plaintiff Barrow, without any contributory negligence, suffered severe injuries and damages, including but not limited to: physical injuries, pain, and suffering; mental anguish and emotional distress; loss of enjoyment of life; medical expenses, both past and future; lost wages and loss of earning capacity; permanent injury and disability; and other damages to be proven at

trial.

## COUNT V – NEGLIGENT HIRING, SELECTION, SUPERVISION, TRAINING AND RETENTION
### (DEFENDANT HP TRANSPORT)

Plaintiff Barrow re-alleges all allegations contained in Paragraphs 1 through 45 and incorporates the paragraphs by reference as though fully set forth and further states and alleges:

46. At all times relevant, upon information and belief, Durand served as an employee, and/or agent of Defendant HP Transport or an independent contractor of Defendant HP Transport.

47. Defendant HP Transport owed Plaintiff Barrow a duty to exercise reasonable care in the hiring and selecting of an employee, agent, and/or contractor who was competent and fit to perform the duties required, and to exercise reasonable care when supervising, training and retaining its employees, agents and/or contractors.

48. Defendant HP Transport knew, or in the exercise of ordinary care should have known through reasonable or adequate hiring, selection, supervision, training and retention practices, that Durand was incompetent and unfit for the duties required of him, including operating semi-trucks and trailers owned and controlled by Defendant HP Transport.

49. Defendant HP Transport breached its duty to Plaintiff Barrow by failing to exercise reasonable care when hiring, selecting, supervising, training, and retaining Durand, an employee, agent, and/or contractor who was incompetent and unfit to operate or drive semi-trucks and trailers.

50. As a direct and proximate result of Defendant HP Transport's negligence in hiring, selecting, supervising, training and retaining Durand, who operated the subject semi-truck and trailer under the control of Defendant HP Transport in a negligent and reckless manner, Plaintiff Barrow, who without any contributory negligence, suffered serious injuries and damages, including but not limited to: physical injuries, pain, and suffering; mental anguish and emotional

distress; loss of enjoyment of life; medical expenses, both past and future; lost wages and loss of earning capacity; permanent injury and disability; and other damages to be proven at trial.

## COUNT VI – EXEMPLARY DAMAGES
## (DEFENDANT HP TRANSPORT)

Plaintiff Barrow re-alleges all allegations contained in Paragraphs 1 through 50 and incorporates the paragraphs by reference as though fully set forth and further states and alleges:

51. Defendant HP Transport's actions demonstrate gross negligence and willful conduct, including conscious indifference and wanton and reckless disregard for the rights and safety of others, including Plaintiff Barrow.

52. Defendant HP Transport's acts and omissions, when viewed objectively from Defendant HP Transport's standpoint at the time of the occurrence and involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Further, Defendant HP Transport had actual, subjective awareness of the risks involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

53. The intentional, malicious, willful, reckless, and/or wanton acts and omissions of Defendant HP Transport, either singularly, in combination, or based on the cumulative conduct of its employees and/or agents, including but not limited to Mr. Durand, were a cause of Plaintiff Barrow's injuries and damages, making Defendant HP Transport liable for punitive damages.

54. Plaintiff Barrow demand exemplary or punitive damages against Defendant HP Transport.

WHEREFORE, Plaintiff Coby Barrow prays for judgment against Defendants HP Transport LLC and Union Pacific Railroad Company for his damages together with costs and disbursement, prejudgment interest, and such further relief as the Court deems appropriate.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

                                                **HUNEGS, LeNEAVE & KVAS, P.A.**

Dated: 03/10/2026                   *s/ Thomas W. Fuller*
Thomas W. Fuller
Isabel S. Johnson
1000 Twelve Oaks Center Drive, Suite 101
Wayzata, Minnesota 55391
(612) 339-4511
tfuller@hlklaw.com
ijohnson@hlklaw.com

**ATTORNEYS FOR PLAINTIFF**